**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LISA SCHAUER,**

    **Plaintiff,**

**vs.**                                                       **Case No.: 8:05-cv-510-T-23MSS**

**SOUTHWEST ACCEPTANCE FINANCE, INC.,**
**PROFIT SHARING PLAN,** *et al.***,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause comes on for consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 15) and Plaintiff's response in opposition thereto (Dkt. 20).

**1.**    **Procedural Background**

This is an action by Plaintiff, Lisa Schauer, an ex-employee of Southwest Acceptance Finance, Inc. (the "Corporation"), against Defendants, the Corporation and the Southwest Acceptance Finance, Inc., Profit Sharing Plan (the "Plan"), for violations of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 USC § 1001 *et seq.*).

Defendants moved to dismiss Plaintiff's Complaint (Dkt. 11). Because Plaintiff filed an amended Complaint (Dkt. 14) and Defendants moved to dismiss the Amended Complaint (Dkt. 15), Defendants' first Motion to Dismiss was denied as moot by this Court (Dkt. 21). In that same Order, this matter was referred to the Undersigned for Report and Recommendation.

**2.     The Pleadings**

Plaintiff's Amended Complaint was filed on May 10, 2005, and contains two counts. Count One alleges violations of ERISA Sections 29 USCA 1024(b)(4) and 1132(c), due to the failure of the Corporation, which serves through its owners as trustee and administrator of the plan, to furnish to Plaintiff certain information about the Plan. Plaintiff seeks the statutory penalty under ERISA section 1132(c) of up to $100 a day during the period of nonperformance.

Count Two alleges violations of the Corporation's fiduciary duties to the Plan. Plaintiff alleges that her Plan accrual was not properly managed and that she did not receive all her benefits under the Plan. Plaintiff also alleges a conflict of interest because Peter Cuculich, the owner of the Corporation, is also the manager and trustee of the Plan.

Defendants' Motion to Dismiss (Dkt. 15) argues in regard to Count One that Plaintiff has no standing under ERISA's section 1132(c) because that Section requires plan administrators to furnish information only to "participants" in the Plan, and Plaintiff was not a Plan "participant" as defined under 29 USC § 1002(7). Further, Defendants argue that Plaintiff's lack of standing creates a resulting lack of subject matter jurisdiction.

Defendants also argue that 1) the information Plaintiff requested was more than that required to be furnished under section 1132(c)); 2) and that Defendants are entitled to charge a reasonable fee to provide the requested information even if Plaintiff were a "participant;" and, 3) Defendants' June 12, 2004, letter to Plaintiff does not "evidence a refusal to provide the documents requested." (Dkt. 15 at 8).

Finally, Defendants also claim that all reasonable information was made available to Plaintiff during her dissolution of marriage proceedings in 2002 and that the state court used that information to make its ruling. Thus, Defendants argue that Plaintiff is attempting to re-litigate a portion of her adjudicated court case and should be barred by *res judicata* and/or collateral estoppel.

With respect to Count Two, Defendants assert that even if Plaintiff were a "participant," she, as an individual plan "participant," cannot bring a breach of fiduciary duty claim against the Plan for her own benefit. Defendants claim this is because recoveries for such breaches must inure to the benefit of the Plan as a whole. Defendants note that Plaintiff does not cite a particular section of ERISA for her claim, but, if Plaintiff is proceeding under ERISA Section 409 (29 USC § 1109), she does not have a private cause of action thereunder. Accordingly, Defendants allege Plaintiff lacks standing to pursue Count Two, and it should be dismissed as well.

### 3.   Factual Background

Plaintiff was employed for about ten (10) years by the Corporation and was covered by the Plan during her employment. Plaintiff's employment terminated in January of 2000. Her benefits under the Plan were vested and Plaintiff was paid $52,106.16 in one lump sum from the Plan on December 30, 2002 (Dkt. 15-2).

On June 1, 2004, Plaintiff requested information about the Plan (Dkt. 15-3). Specifically, Plaintiff sought copies of all summaries of the Plan description; all summaries of material modifications; summary annual reports; and the annual reports for any and all 401(k) investment, retirement or similar plans, in which Plaintiff was a participant during her employment (Dkt. 15-3).

The Plan administrator, Mr. Cuculich, who was also the owner of the Corporation, responded on June 12, 2004, requesting $450.00 to provide the documents. Plaintiff did not forward the requested payment, did not receive the requested documents, and did not contact the Plan administrator again. On March 16, 2005, Plaintiff filed this lawsuit.

### 4. Analysis

The threshold for surviving a motion to dismiss for failure to state a claim under Rule 12(b)(6) is a low one. Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A., *et al.*, 711 F.2d 989, 995 (11th Cir. 1983). Such a motion will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). As noted, in evaluating the sufficiency of a complaint against a Motion to Dismiss, the pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Id. at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Further, conclusory allegations are not accepted as true. Gersten v. Rundle, 833 F. Supp. 906, 910 (S.D. Fla. 1993) (citing Assoc. Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)). Against this standard, Defendants seek to dismiss the Plaintiff's Amended Complaint in its entirety.

### A. Count One

As a threshold issue, Defendants contend that Plaintiff received all the Plan information during her divorce proceedings and that the state court considered the

information and based its decisions in the divorce on that information. Thus, Defendants assert this issue has already been decided in the state courts and is *res judicata* or is barred by collateral estoppel. As evidence that Plaintiff did receive the Plan information, Defendants refer solely to "Exhibit 2" from the trial evidence in the underlying divorce proceedings. Defendants offer no further discussion in their pleadings concerning the issues of *res judicata* or collateral estoppel. Among the documents submitted by Defendants, the only document that may constitute "Exhibit 2 from the trial evidence" is a one page chart attached to the Final Judgment of Dissolution of Marriage (Dkt. 15-4) showing Plaintiff's (as well as her husband's) account balance in the Plan as of December 31, 2000 and December 31, 2001, and Plaintiff's 2001 earnings on her account. This chart does not encompass all of the information about the Plan that Plaintiff requested in her June 1, 2004, letter (see Letter dated June 1, 2004, from Plaintiff to Mr. Steven Cuculich, Dkt. 15-3).

Further Defendant does not offer any proof that the state court judge examined the workings of the Plan or addressed the sufficiency of the documents to determine whether Plaintiff's discovery requests had been honored. The divorce decree merely awards each party whatever amount each had accrued in their respective retirement accounts. Accordingly, it does not appear that the issue presented in Count I has been previously litigated or that Plaintiff is merely "attempting to use the Federal Court to re-litigate a portion of her adjudicated state court case." (Dkt. 15-1 at 11).

Finally, *res judicata* would not apply in any event, where as here, the parties and issues in this case differ from those in the divorce proceedings. In order to utilize *res judicata* as a bar, the party seeking to do so must show that the parties to both actions

are the same, the issues were either addressed or "the parties had a full and fair opportunity to litigate the relevant issues." Clark v. Clark, 969 F.Supp. 1319 (1997). In this case there is no evidence that the evidence Plaintiff is seeking from the Plan Trustee was presented in that case, nor is there any indication that the Trustee's fiduciary duty to the Plaintiff was at issue or discussed at all.

The doctrine of collateral estoppel has no applicability in this either. Collateral estoppel treats as conclusive only matters that were actually in issue and adjudicated; it is not conclusive on all matters which might have been litigated in a former claim, but were not." 50 CJS Judgments ¶ 803, p. 1. See Major League Baseball v. Butterworth, 181 F.Supp. 2d 1316 (N.D. Fla. 2001) (holding that the identical issue must not only have been raised but actually adjudicated in the prior action to invoke collateral estoppel under Florida law). See also Revello v. Life Ins. Co. of North America, 2004 WL 1253887, *2 (M.D. Fla. March 22, 2004 ) (stating that the Eleventh Circuit Court of Appeals has articulated the following prerequisites to the application of collateral estoppel: "(1) the issue at stake must be identical to the one alleged in the prior litigation, (2) the issue must be actually litigated in the prior litigation; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action; (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.")

Again, there is no record evidence that the Trustee's fiduciary duties concerning Plaintiff's retirement fund or the Trustees' notification duties to Plaintiff were raised or fully adjudicated. Accordingly, the Undersigned reports and recommends that

Defendant's Motion to Dismiss, to the extent that it is based on *res judicata* and collateral estoppel, be denied.

Defendants also argue that the documents requested exceeded the disclosure requirements of ERISA, that the fee requested was reasonable and they never refused the requested discovery. These issues are, of course, fraught with factual disputes and, when viewed in the light most favorable to Plaintiff, require that the Motion to Dismiss be denied.

As a preliminary matter, the Court would note that Plaintiff's claim that she is entitled to "free copies" of the documents that she sought is incorrect. Under 29 CFR § 2520.104b-30(a) Defendants are entitled to "impose a reasonable charge to cover the cost of furnishing" copies. Under 29 CFR § 2520.104b-30(b) further provides that the charge for such copies may not exceed .25 cents per page and "[n]o other charge for furnishing documents, such as handling or postage charges, will be deemed reasonable." In this case, Defendants sought to impose the .25 cents per page copying fee, as well as an additional $300.00 "service" charge to reimburse Burritt and Associates, the CPA firm responsible for compiling the documents, for their "time" to make the copies. (See Letter dated June 12, 2004, from Mr. Steven A. Cuculich to Plaintiff, Dkt. 15-5). The parties are free to contest going forward whether Defendant's imposition of a "service charge," in addition to the cost to copy, served as a constructive denial of the requested documents. Alternatively they may dispute whether Plaintiff's failure to respond to the requested reimbursement constituted an abandonment of her request and whether in the absence of any follow up Defendant's actually denied the request at all. These disputes cannot be resolved on a motion to dismiss.

Defendants move alternatively to dismiss Count One of Plaintiff's Amended Complaint, contending that Plaintiff has no standing to demand Plan information or collect the referenced penalty because she is no longer a Plan "participant" and that Section 1132 only requires that Plan information be provided to "participants" or beneficiaries who request such data. To be successful on their motion to dismiss on this basis, Defendants must show that Plaintiff's lack of standing as a "participant" is so clear that reasonable people could not conclude otherwise.

"Participant" is defined in section 1002(7) as follows:

> The terms "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

The term "may become eligible" is a broad phrase, which the United States Supreme Court in Firestone Tire and Rubber Company v. Bruch has interpreted to include "former employees with a colorable claim to vested benefits." Specifically, the Supreme Court stated:

> In our view the term "participant" is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment (citation omitted), or former employees who "have . . . a reasonable expectation of returning to covered employment" or who have a "colorable claim" to vested benefits (citation omitted). In order to establish that he or she "may become eligible" for benefits a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future . . . . [F]ormer employees with a colorable claim to vested benefits "may become eligible . . . ."

Firestone Tire and Rubber Company v. Bruch, 489 U.S. 101, 117-18 (1988) (internal citations omitted).

8

In a situation, such as the instant case, in which the plan administrator determines not to disclose based on whether someone requesting access to documents has a "colorable claim," the administrator is free to ask for the facts upon which a claim to a benefit is being made. If the administrator fails to do so or proceeds to make a unilateral determination on the issue, he or she proceeds at their own risk. See Daniels v. Thomas & Betts Corp., 263 F.3d 66, 79 (3rd Cir. 2001). Or stated differently, the "clear message from the Supreme Court and Court of Appeals is: when in doubt disclose." Aldinger v. AMP, INC, et al., 2005 WL 2130084, *10 ( M.D. Pa. September 1, 2005).

On the other hand, courts have made it very clear that a "plaintiff cannot become a participant merely by filing an ERISA claim. Some threshold analysis of the merits is necessary to prevent such bootstrap jurisdiction . . . .[However] the threshold inquiry is not very demanding." See Andre v. Salem Technical Services, 797 F.Supp.1416, 1421 (N.D. Ill. 1992) (internal citations omitted). The Court in Andre stated that "[a]ll the Court need do at this stage, then is to determine that Andre's case has some potential merit." Id. See also Adair v. Johnston, et al., 221 F.R.D. 573, 579 (M.D. Ala. 2004) (citing Firestone for the proposition that a "colorable" claim for benefits can give a plaintiff the standing to sue as a "participant" and also holding that "[t]he requirement of a 'colorable' claim 'is not a stringent one;' it requires only an arguable claim, not necessary success.") (internal citations omitted)).[1]

At this point in the litigation, it cannot be held, viewing the evidence in the light

---

[1] Further case law has also determined that whether a claim is "colorable" is a question of fact. Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574 (M.D. Fla. 1995).

9

most favorable to the Plaintiff, that Ms. Schauer's case has no potential merit.  Ms. Schauer's Amended Complaint reveals that she is alleging, among other things, miscalculation of benefits.  If Plaintiff's benefits were miscalculated, she may well be entitled to additional amounts under the Plan and would thereby meet the definition of "participant."  If upon discovery of all relevant facts, it is discovered that Plaintiff's claim lacks any merit, she may be found not to have been a "participant" when her document request was made.  Thus, the Undersigned reports and recommends that Defendants' Motion to Dismiss Plaintiff's Amended Complaint as to Count One be **DENIED**.

### B.     Count Two

Citing to the Eleventh Circuit case of Hunt v. Hawthorne Associates, Defendants move to dismiss Count II claiming that even if Plaintiff is a participant under the Plan, she lacks standing to assert an individual claim for breach of fiduciary duty against the Plan.  Hunt v. Hawthorne Assocs. 119 F.3d 888, 903 (11th Cir. 1997).  Defendants specifically claim that "[i]n essence, the individual plan participant is not permitted to bring the breach of fiduciary claim for his or her own benefit [citation omitted].  Stated another way, the recovery for breach of fiduciary duty under ERISA 'inures the benefit of the plan as a whole.'" (Dkt. 15 at 13).

Defendants contend in this regard that Plaintiff has failed to reference a particular statutory section of ERISA as the basis for her claim.  Defendants further claim that Plaintiff's "breach of fiduciary claim appears to be governed by ERISA section 409, 29 U.S.C. § 1109." (Dkt. 15 at 14). Accordingly, Defendants assert that "even if [Plaintiff] is a plan participant for Count II, she does not have a private cause of action based upon a breach of fiduciary duty against [Defendant, Southwest Acceptance Finance, Inc., Profit Sharing Plan]. Therefore, [Plaintiff] lacks standing and Count [Two] should be

dismissed." (Dkt. 15 at 14).

Plaintiff responds that Count Two should not be dismissed because under 29 U.S.C. § 1132(a), which was in fact referenced in Plaintiff's Amended Complaint at paragraph 1, a participant may bring an action for individual relief "to, among other things, clarify and enforce rights under the terms of a plan." (Dkt. 20 at 2, citing to Massachusetts Mutual Life Insurance Company v. Russell, 473 US 134, 148 (1985)).

It is true that Plaintiff cannot proceed under ERISA section 409, 29 U.S.C. § 1109, to bring a private cause of action for breach of fiduciary duty. Actions under this section of ERISA inure only to the benefit of the plan as a whole. However, Plaintiff is correct that Section 1132(a) allows a participant to bring an action's for individual relief. See id. (stating that ERISA's Section 502(a) "provides a wide array of measures to employee-benefit plan participants and beneficiaries by which they may enforce their rights under ERISA and under the terms of their plans. . . .").

Based on the above, the Undersigned reports and recommends that Defendant's Motion to Dismiss as to Count Two (Dkt. 15) be **DENIED**. Plaintiff is reminded however, that

> The statutory provision under which an individual beneficiary may sue an ERISA plan for breach of fiduciary duty is Section 1132(a)(3) of Chapter 29, United States Code. Constantine v. American Airlines Pension Benefit Plan, 162 F.Supp.2d 552, 556-57 (N.D. Tex. 2001). An ERISA plan beneficiary may not, however, sue for breach of fiduciary duty under that section of he or she has a cause of action under Section 1132(a)(1)(B) for benefits denied. Tolson v Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998) (so holding); Moore v. Raytheon Corp., 314 F.Supp.2d 658, 664 (N.D. Tex. 2004) ("Claims for equitable relief under 29 USC § 1132(a)(3) are only available when a plaintiff has not other avenue of relief under ERISA."); Metropolitan Life Ins. Co. v. Palmer, 238 F.Supp.2d 826, 831 (E.D. Tex. 2002) (Even if [Plaintiff's] claim under section 1132(a)(1)(B) is unsuccessful, that would not make this alternative claim for equitable relief viable.") (citing Tolson, 141 F.3d at 610).

Barrack v. Unum American Life Ins., et al., 2006 WL 23479, *5 (N.D. Tex. Jan. 5, 2006).

**5.     Conclusion**

For the reasons cited above, the Undersigned reports and recommends that Defendants' Motion to Dismiss (Dkt. 15) be **DENIED**.

Respectfully recommended in Tampa, Florida on this 2nd day of March 2006.

Copies to:

    Counsel of Record

MARY S. SCRIVEN
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained within this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).