## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LISA SCHAUER,**

    **Plaintiff,**

**vs.**                                            **Case No.: 8:05-cv-510-T-MSS**

**SOUTHWEST ACCEPTANCE**
**FINANCE, INC. PROFIT SHARING**
**PLAN,** *et al.*,

    **Defendants.**
_____/

## **ORDER**

This matter is before the Court for consideration of Plaintiff's Motion to Compel Discovery (Dkt. 42) and Defendants' response in opposition thereto (Dkt. 51), which was filed on March 1, 2006. Plaintiff is seeking documents and information she claims are responsive to a Request for Production, Request for Admissions and Interrogatories filed on August 16, 2005.

Discovery in this case was supposed to close initially on December 16, 2005. (Dkt. 12). On December 19, 2005, the Undersigned granted Plaintiff's unopposed Motion for Extension of Time to Complete Discovery and Time for Filing of Dispositive Motion and extended the discovery deadline in this case until February 17, 2006. (Dkt. 38). Without requesting an additional discovery deadline extension, Plaintiff filed her Motion to Compel on March 1, 2006. On

March 16, 2006, the parties consented Magistrate jurisdiction (Dkt. 54). On April 7, 2006, the Undersigned granted the parties' joint Motion to Continue Trial and All Discovery and Pretrial Dates/Deadlines (Dkt. 49) (the "Motion to Continue").

In the Motion to Continue, the parties stated that an extension of the discovery deadline in this case was necessary because the parties would have conducted discovery regarding "other or additional issues with the benefit of the Report and Recommendation" and once Defendant filed their Answer and Affirmative Defenses, "new issues will likely arise, which will likely result in the need for additional Discovery." (Dkt. 46 at 2). The Court extended the discovery deadline in the case until June 26, 2006, based on the parties' assertion that they needed time to conduct discovery on any "other, additional or new" issues raised upon receipt of the Report and Recommendation and when Defendants filed their Answer and Affirmative Defenses. The purpose of the discovery extension as set forth in the Court's Amended Case Management Schedule (Dkt. 50) was not to allow the parties to renew continually past discovery requests.

As Defendants note in their response, under the February 17, 2006, extended discovery deadline, Plaintiff's Motion to Compel is "untimely." (Dkt. 51 at 2). In addition, in Defendants' response to Plaintiff's Motion to Compel, Defendants attach the documents Plaintiff is seeking, note that the requested documents have been produced previously, or demonstrate that there is nothing left to compel.

Upon review of the parties respective filings, the Undersigned **ORDERS** that Plaintiff's Motion to Compel (Dkt. 42) is **DENIED**. Plaintiff's Motion was not timely filed as it was filed after the close of the first period of discovery and before any continuance was granted. More importantly, Defendant has demonstrated to the Court's satisfaction that there is nothing left to compel. The Court cannot make Defendants produce that which they do not have and will not order them to re-provide to Plaintiff that which they have already produced.

**DONE and ORDERED** in Tampa, Florida on this 29th day of June 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:
Counsel of Record